IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ULYSSES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Nos. 04-938C and |
| | ) | 04-939C (consolidated) |
| v. | ) | |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that this Court dismiss for lack of subject matter jurisdiction the complaints in these consolidated cases upon the ground that the plaintiff failed to submit a claim to the contracting officer for a final decision as required by the Contract Disputes Act, 41 U.S.C. § 605(a).[1] In support of this motion, we rely upon the complaint and the following brief.

QUESTIONS PRESENTED

1. Whether Ulysses, Inc., has complied with the jurisdictional prerequisites of 41 U.S.C. § 605(a) before filing this lawsuit.

STATEMENT OF FACTS

On April 29, 2002, Ulysses, Inc. ("Ulysses"), was awarded Purchase Order SP0960-02-M-4209, for the Circuit Card Assembly Critical Application Item ("Circuit Card") identified as

[1]Should this Court deny this motion, the Government respectfully requests 30 days from the date of denial to file a response to the complaint.

Cage 072E5 178AS112.[2] Complaint ("Compl.") 1 ¶ 3.[3] On June 27, 2002, Ulysses was awarded Purchase Order SP0960-02-M-5456 for the circuit card identified as Cage 56662 178AS112. Compl. 2 ¶ 3. The Defense Supply Center Columbus ("DSCC") was the Government agency that issued both purchase orders.

The first purchase order was for the procurement of 85 circuit cards at a total price of $44,625.00. Compl. 1 ¶¶ 3, 7. The second purchase order was for the procurement of 99 circuit cards at a total price of $50,490.00. Compl. 2, ¶¶ 3, 7. In August 2002, the contracting officer issued Ulysses a stop work order after advising it that it was not an authorized manufacturer of Cage 072E5 178AS112 or Cage 56662 178AS112. Compl. 1, ¶ 11. Ulysses informed the DSCC that it intended to continue producing circuit card assemblies which it insisted were the equivalent. Id. ¶ 23. On June 17, 2003, the DSCC issued a modification cancelling both purchase orders. Id. ¶ 26. On June 1, 2004, Ulysses filed these complaints which this Court has since consolidated in this case.

## ARGUMENT

As we demonstrate below, Ulysses did not submit a claim for a sum certain to the contracting officer, as 41 U.S.C. § 605(a) requires for this Court to have jurisdiction.

---

[2]For the purposes of this Motion to Dismiss, the defendant relies upon all allegations as stated in plaintiff's complaint. See Harbuck v. United States, 58 Fed. Cl. 266, 267 (2003). However, it does not admit the truth of any of its allegations and reserves the right to dispute Ulysses' assertions, if necessary, at a later date.

[3]In citing the complaints of these consolidated cases, Compl. 1 designates the complaint in case number 04-938 and Compl. 2 designates citations to case number 04-939.

I. This Court Lacks Jurisdiction To Entertain Ulysses' Complaint

It is the plaintiff's burden to show proper jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Complaints may not assert claims that Congress did not intend to put before this Court. See, e.g., United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

This Court's jurisdiction is limited. Dynalectron Corp. v. United States, 4 Ct. Cl. 424, 428 (1984). It can only entertain claims with regard to which the United States has waived its sovereign immunity. Testan, 424 U.S. at 399. Jurisdiction in this Court must be construed strictly and all conditions placed upon such grant must be satisfied before the Court may assert jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980).

Pursuant to the Tucker Act, 28 U.S.C. § 1491(a), and the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601, et. seq., this Court possesses jurisdiction to hear contract disputes involving the United States.[4] However, under the CDA, the Government's sovereign immunity is not waived unless a contractor has first made a written claim to the contracting officer. 41 U.S.C. § 605(a). The Federal Acquisition Regulation ("FAR") defines a claim as:

> A written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising from or relating to the contract.

48 C.F.R. § 52.233-1(c)(2003). This definition of a claim is controlling for jurisdictional

[4]The CDA applies to "any express or implied contract . . . entered into by an executive agency for - (1) the procurement of property . . . [or] (2) the procurement of services . . . ." 41 U.S.C. § 602(a). The Defense Supply Center is an executive agency of the Department of Defense.

purposes. CPS Mech. Contractors, Inc. v. United States, 59 Fed. Cl. 760 (2004). In order to be deemed valid, a claim "must be (1) a written demand or assertion, (2) seeking, as a matter of right, (3) the payment of money in a sum certain." Reflectone Inc. v, Dalton, 60 F.3d 1572, 1575 (Fed. Cir. 1995). Contractors who have not met the prerequisites of 41 U.S.C. § 605 may not invoke this Court's jurisdiction. See, e.g., Rex Sys., Inc. v. Cohen, 224 F.3d 1367, 1372 (Fed. Cir. 2000); Arono, Inc. v. United States, 49 Fed. Cl. 544, 548 (2001).

Ulysses has not submitted any claim to the contracting officer for a sum certain in compliance with 41 U.S.C. § 605(a). Indeed, it has not even alleged submitting such a claim prior to initiating this action. Because Ulysses has failed to satisfy the jurisdictional prerequisites of the CDA, this Court does not have jurisdiction to hear these consolidated complaints. Accordingly, the Court should dismiss the complaints in this consolidated matter.

## CONCLUSION

For the foregoing reasons, we respectfully request that this Court dismiss the plaintiff's complaints in both of these actions pursuant to RCFC 12(b)(1).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300

February 11, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2005, a copy of the foregoing DEFENDANT'S MOTION TO DISMISS was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt