IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ULYSSES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Nos. 04-938C and |
| | ) | 04-939C (consolidated) |
| v. | ) | |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY BRIEF
<u>IN SUPPORT OF MOTION TO DISMISS</u>

Pursuant to Rule 7.1 of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following reply brief in support of its motion to dismiss. In support of this motion, we rely upon our opening brief and the following reply brief.

In our opening brief, we demonstrated that this Court only had subject matter jurisdiction over claims that had first been made to the contracting officer seeking "as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising from or relating to the contract." Def.'s Br. at 3 (citing 41 U.S.C. § 605(a) and 48 C.F.R. § 52.233-1(c)). We further demonstrated that the plaintiff, Ulysses, Inc., had not made the requisite claim to the contracting officer and that the complaints in both consolidated cases should be dismissed for lack of jurisdiction. <u>Id.</u> at 4.

In its response to our motion to dismiss, Ulysses argues that it is not required to make a demand in this case because it is not seeking a specific "quantum" of damages at this point, but is challenging the cancellation of the contract. Pl.'s Resp. Br. at 4 (citing <u>Alliant TechSystems, Inc. v. United States</u>, 178 F.3d 1260 (1999)).

However, in <u>Alliant</u>, the United States Court of Appeals for the Federal Circuit ruled that

a contractor being forced to proceed by the Government did not have to wait until the contract was performed and damages could be quantified to bring a case in the Court of Federal Claims. 178 F.3d at 1270. The Alliant court did not dispense with the requirement that the contractor make a claim as a matter of right. On the contrary, the court noted that the Alliant contractor had written a letter claiming that it had a right not to proceed and informing the contracting officer that, "if you disagree with our position, please consider this letter a claim and request for a final decision under the CDA." Id. at 1265. The court further noted that the Government did not dispute in Alliant that the letter in question had been a written demand for a contract interpretation but only questioned whether the contractor had made a demand "as a matter of right." Id. The court held that requirement was satisfied when a "contractor specifically assert[s] entitlement to the relief sought" in the demand. Id.

Ulysses's response to our motion to dismiss has not shown any written demand to the contracting officer seeking relief as a matter of right. Its brief in response refers to only three letters to the Defense Supply Center Columbus ("DSCC") on August 26, 2002, November 13, 2002, and November 20, 2002. Pl.'s Resp. Br. at 2.[1] However, none of these letters constitute a demand for relief as a matter of right. Its August 26, 2002, letter lists other contracts that Ulysses had performed as support for its "request" that the DSCC find that it was a qualified manufacturer of the part in question. Attachment A. Ulysses's November 13, 2002, letter indicates that Ulysses intends to continue producing the product because it otherwise would "not

[1]Ulysses has not included the letters it referenced, so we are including them herein as Attachments A, B, and C, respectively.

be economical to restock the components and reset the job in the future." Attachment B.[2] Ulysses acknowledges that its November 20, 2002, letter "offered the Government different options" that included the possibility of imposing testing that would show that Ulysses could produce the part as well as any approved supplier. Pl.'s Resp. Br. at 2; Attachment C. None of these letters protesting that Ulysses was capable of supplying the part in question constituted a demand for relief as a matter of right. Nor did any of these letters request a contracting officer's final decision. As such, Ulysses has not shown that it satisfied the jurisdictional prerequisites of 41 U.S.C. § 605(a).

## CONCLUSION

For the reasons stated here and in our opening brief, the defendant respectfully requests that the Court grant its motion and dismiss the complaint pursuant to RCFC 12(b)(1).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

---

[2]The letter also refers to a letter Ulysses sent on October 14, 2002. In fact, the main point of the November 13, 2002, letter is to renew a request for information about who informed the Government that Ulysses did not have an arrangement with an approved supplier to supply the part in question. We are including the October 14, 2002, letter herein as Attachment D.

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300

March 31, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2005, a copy of the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt